UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> -against-<br><br>JOSEPH TONY BROWN-ARKAH,<br><br>    Defendant. | **MEMORANDUM AND ORDER**<br>Case No. 1:24-cr-263 (FB) |

*Appearances:*

*For the Government:*
MIRIAM GLASER DAUERMANN
MARGARET MORTIMER
TANISHA R. PAYNE
Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, NY 1120

*For the Defendant:*
PAULA JACLYN NOTARI
The Law Office of Paula J. Notari
125 Park Avenue, 7th Floor
New York, NY 10017

JOSHUA JACOB HOROWITZ
Horowitz Tech Law P.C.
734 Franklin Ave, Ste #605
Garden City, NY 11530

**BLOCK, Senior District Judge:**

Defendant Joseph "Tony" Brown-Arkah has requested jury instructions on three affirmative defenses: entrapment, public authority, and the safe harbor under the Anti-Kickback Statute. "A criminal defendant is entitled to a jury instruction when there is some foundation in the proof for it." *United States v. Gonzalez*, 399 F. App'x 641, 645 (2d Cir. 2010). The Court denies all three requests because they lack any evidentiary basis.

Entrapment consists of two elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct. *United States v. Cabrera*, 13 F.4th 140, 146 (2d Cir. 2021). Inducement covers "soliciting, proposing, initiating, broaching or suggesting the commission of the offence charged." *Id*. The defendant has the

burden of producing some credible evidence of inducement. *United States v. Brand*, 467 F.3d 179, 190 (2d Cir. 2006). But to satisfy this burden, a defendant cannot simply point to the government's use of an undercover agent or confidential informant. *Id*. However, that is all that Brown-Arkah has done. A confidential informant visiting the defendant's clinic in a manner otherwise akin to any normal patient does not constitute evidence of entrapment. Because there has been no evidence of the government initiating the criminal conduct charged in the indictment, he is not entitled to an instruction on entrapment.

In this circuit, the public authority defense encompasses two slightly different forms, and the defendant has requested instructions under both. One, sometimes described as "actual public authority," is implicated when the defendant's actions, although ostensibly in violation of the law, were in fact lawful because he was authorized by the government to do those acts. *United States v. Giffen*, 473 F.3d 30, 39 (2d Cir. 2006). The second version, usually called "entrapment by estoppel," precludes prosecution of a defendant where the government procured the defendant's commission of the illegal acts by leading him to reasonably believe he was authorized to commit them *Id*.

Brown-Arkah's theory is that, during the DEA's investigation of Dr. Stephen Owusu as part of his application for a renewed registration to prescribe controlled substances, the government learned of Dr. Owusu's employment at the clinic and, implicitly or explicitly, sanctioned his employment. Such argument misunderstands the nature of the indictment. Brown-Arkah is not being prosecuted for merely employing Dr. Owusu, but rather for fraudulently billing the Centers for Medicare and Medicaid for his services and for unlawfully dispensing buprenorphine (among other alleged crimes). Regarding actual public authority, there has been no evidence that the government explicitly authorized the defendant to commit the charged

2

crimes. Entrapment by estoppel, meanwhile, requires the defendant to "disclose the conduct alleged in the indictment[.]" *Giffen*, 473 F.3d at 42. But there has been no evidence that the defendant disclosed the charged unlawful conduct, and so there could not have been any implicit authorization. Thus, even accepting Brown-Arkah's interpretation of events that the government learned of Dr. Owusu's employment, there is no basis in the evidence to support an instruction on either actual public authority or entrapment by estoppel.

Finally, the defendant is charged with soliciting and receiving kickbacks from Alliance Laboratories, which he contends were actually rental payments. The Anti-Kickback Statute provides a safe harbor for certain rental payments. 42 C.F.R. § 1001.952(b). Circuit courts that have considered this issue have described this as an affirmative defense. *E.g.*, *United States v. Hall*, 134 F.4th 782, 788 (5th Cir. 2025); *United States v. George*, 900 F.3d 405, 413 (7th Cir. 2018); *United States v. Vernon*, 723 F.3d 1234, 1271 (11th Cir. 2013); *United States v. Ekwebelem*, 669 F. App'x 868, 868 (9th Cir. 2016); *United States v. Norton*, 17 F. App'x 98, 102 (4th Cir. 2001). There are six requirements that must be met for the safe harbor provision to apply: (1) The lease agreement is set out in writing and signed by the parties; (2) the lease covers all of the premises leased between the parties for the term of the lease and specifies the premises covered by the lease; (3) if the lease is intended to provide the lessee with access to the premises for periodic intervals of time, rather than on a full-time basis for the term of the lease, the lease specifies exactly the schedule of such intervals, their precise length, and the exact rent for such intervals; (4) the term of the lease is for not less than one year; (5) the aggregate rental charge is set in advance, is consistent with fair market value in arms-length transactions and is not determined in a manner that takes into account the volume or value of any referrals or business otherwise generated between the parties for which payment may be made in whole or in part

under Medicare, Medicaid or other Federal health care programs; (6) the aggregate space rented does not exceed that which is reasonably necessary to accomplish the commercially reasonable business purpose of the rental. 42 C.F.R. § 1001.952(b).

Brown-Arkah contends that the payments from Alliance Labs to him were for rent and he is thus entitled to an instruction on this affirmative defense. However, this defense necessarily fails because the only evidence of a written rental agreement between Alliance Labs and the defendant was an agreement that was not signed by "the parties" but rather just by the defendant. Thus, there is no evidentiary basis to support factor one. Additionally, the Court cannot find any evidentiary basis to support factors five or six. Accordingly, the evidence cannot legally satisfy the safe harbor provision, and the defendant is not entitled to an instruction on this defense. *See United States v. Norton*, 17 F. App'x 98, 102 (4th Cir. 2001) (affirming denial of jury instruction on safe harbor defense where evidence would not have satisfied the 42 C.F.R. § 1001.952(b) requirements).

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
May 14, 2026

4